UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILA SUTHERLAND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERIFIRST FINANCIAL, INC., an Arizona corporation, and DOES 1-25,<br><br>Defendants. | Case No.: 16cv01676-JAH (WVG)<br><br>**ORDER (1) DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; (2) GRANTING MOTION TO TRANSFER VENUE; AND (3) DENYING AS MOOT MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [DOC. NO. 4]** |

## **INTRODUCTION**

Pending before the Court is Defendant AmeriFirst Financial, Inc.'s ("Defendant") motion to transfer this matter to the United States District Court for the District of Arizona, and compel arbitration of Plaintiff Lila Sutherland's ("Plaintiff") dispute in Maricopa County, Arizona, pursuant to the Federal Arbitration Act, 9 U.S.C. §§1 *et seq* (the "FAA"). *See* Doc. No. 4. Alternatively, Defendant moves this Court for an order dismissing Plaintiff's Complaint for lack of personal jurisdiction or failure to state a claim. *Id*. Defendant's motion has been fully briefed by the parties. *See* Doc. Nos. 5, 6. After careful consideration of the pleadings, relevant exhibits, and for the reasons set forth below, the Court (1) **DENIES** Defendant's motion to dismiss for lack of personal jurisdiction; (2)

1

**GRANTS** Defendant's motion to transfer venue to the District of Arizona for all further proceedings; and (3) **DENIES AS MOOT** Defendant's motion to dismiss for failure to state a claim.

## BACKGROUND

This matter arises from events preceding the termination of Plaintiff's employment with Defendant. *See* Doc. No. 4-1 at 2. Defendant employed Plaintiff from April 6, 2011 until July 1, 2015. *Id*. During her employment, Plaintiff worked, at-will, as an Executive Assistant and Human Resources Generalist in Defendant's branch office, located in Del Mar, California. *Id*. On or about March 26, 2015, Plaintiff signed and acknowledged an Employee Handbook distributed to Defendant's California employees. *See* Doc. No. 4-4. The Handbook contains, in part, the following dispute resolution provision:

> **Arbitration Agreement**. Except as provided below, if we cannot reach a mutually agreeable solution within 60 days you and AmeriFirst agree that all disputes, claims, questions, or differences you have, or in the future may have, against AmeriFirst or its officers, directors, shareholders, employees or agents which arise out of or relate to your employment or separation from employment with AmeriFirst, and all legally protected employment-related claims that AmeriFirst has, or in the future may have, against you will be resolved exclusively by final and binding arbitration. Claims subject to arbitration include, without limitation, claims for breach of any express or implied contract; discrimination, harassment, or retaliation; wages, overtime, benefits, or other compensation; violation of public policy; personal injury; and tort claims including defamation, fraud, intentional infliction of emotional distress, intentional interference with business expectancy, breach of duty of loyalty and fiduciary duty, unfair competition, and misappropriation. **Except as expressly provided herein, AmeriFirst and you voluntarily waive all right to trial in state or federal court before a judge or jury on all claims between them**.

*See* Doc. No. 4-4 at 9 (emphasis in original). The same page of the Handbook includes a general explanation of the arbitration process, and an overview of the notice requirements

necessary before commencing arbitration. *Id*. On July 1, 2015, Defendant terminated Plaintiff's employment at-will. *See* Doc. No. 5 at 3. Plaintiff subsequently filed suit in San Diego County Superior Court, on March 17, 2016, alleging claims for (1) failure to pay overtime wages; (2) failure to pay wages, including minimum wages; (3) failure to reimburse employee expenses; (4) failure to provide meal periods; (5) failure to provide rest periods; (6) unfair competition; (7) failure to timely pay wages; (8) knowing and intentional failure to comply with itemized employee wage statement provisions; and (9) statutory penalties, pursuant to the Private Attorney General Act, Cal. Labor Code §§ 2633 *et seq*. *See* Doc. No. 1-3 at 3. Defendant removed to this Court on the basis of diversity jurisdiction. *See* Doc. No. 1. Defendant then filed the instant motion to transfer venue and compel arbitration, or, in the alternative, to dismiss the Complaint pursuant to Rules 12(b)(2) or 12(b)(6). *See* Doc. No. 4. Plaintiff filed an opposition on August 15, 2016, and Defendant replied on August 22, 2016. *See* Doc. No. 5, 6. On August 22, 2016, the Court deemed the matter suitable for disposition without oral argument, and took the matter under submission. *See* Doc. No. 7 (citing CivLR 7.1(d)(1)).

## **DISCUSSION**

### I. Legal Standards

#### a. Personal Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(2), a court may dismiss a case for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). The Ninth Circuit has established a two prong test for determining if the Court's assertion of personal jurisdiction is proper: (1) "'jurisdiction must comport with the state long-arm statute,'" and (2) comport "'with the constitutional requirement of due process.'" *Mattel, Inc., v. Greiner & Hausser GMBH*, 354 F.3d 857, 863 (9th Cir. 2003) (quoting *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995)).

As to the first prong, California's long arm statute provides that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this State or of the United States." Cal. Civ. Proc. Code § 410.10. Because California law allows the

3

exercise of jurisdiction to the same extent as due process under the United States Constitution, the only question is whether the exercise of jurisdiction over the defendant is constitutional. *Mattel*, 354 F.3d at 863. Under a due process analysis, the Court may only exercise jurisdiction in accord with "traditional notions of fair play and substantial justice," thus the nonresident defendant is required to have "certain minimum contacts" with the forum state in order for jurisdiction to be proper. *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be found where the defendant's activities subject him to either general or specific jurisdiction. General jurisdiction exists where a nonresident defendant's activities within a state are "substantial" or "continuous and systematic." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). In the absence of general jurisdiction, a nonresident defendant may still be sued in the forum if specific jurisdiction exists. *Id*. The Ninth Circuit has established a three-part test to determine whether there is specific jurisdiction over a defendant:

> 'Specific' jurisdiction exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privilege of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

*Mattel*, 354 F.3d at 863 (quoting *Bancroft & Masters v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)). The Court must assess the contacts of each defendant separately to determine whether personal jurisdiction exists for each particular defendant. *See Harris Rutsky & Co. Ins. Servs. Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003); *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990); *Gutierrez v. Givens*, 1 F. Supp.2d 1077, 1083 n. 1 (S.D. Cal. 1998).

Plaintiff bears the burden of making a *prima facie* showing that jurisdiction is proper. *Mattel*, 354 F.3d at 862 (citing *Harris Rutsky*, 328 F.3d at 1128). Although plaintiff need only make a *prima facie* showing that personal jurisdiction exists, plaintiff "cannot 'simply

rest on the bare allegations of its complaint.'" *Id.* (internal citation omitted); *see also Ochoa v. J.B. Martin and Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2001). "To make that showing, [plaintiff] need only demonstrate facts that, if true, would support jurisdiction over the [d]efendants." *Id.* "'Conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a *prima facie* case for personal jurisdiction exists.'" *Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1075-76 (9th Cir. 2003) (quoting *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996); *see also Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

### b. Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible

claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, a court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which a court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## II. Analysis

### a. Personal Jurisdiction

Defendant argues that this Court lacks personal jurisdiction over it. *See* Doc. No. 4-1 at 16. The Court has reviewed the issue, and finds that Plaintiff makes a *prima facie* showing that this Court may properly exercise jurisdiction over Defendant. *See Homestake Lead Co. of Missouri v. Doe Run Resources Corp.*, 282 F.Supp.2d 1131, 1134 (2003).

Indeed, it is undisputed that Defendant maintained a branch office in Del Mar, California for over four years, and Plaintiff worked at that branch. *See* Doc. No. 4-1 at 7. The Court finds that these undisputed facts, standing alone, are sufficient to support "continuous and systematic contacts" with the forum state, notwithstanding Plaintiff's additional allegations about Defendant's longstanding business registration with the California Secretary of State. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163,

6

16cv01676-JAH (WVG)

1171 (9th Cir. 2006). The Court further finds that Defendant has not demonstrated the presence of other factors that would render the finding of jurisdiction unreasonable. *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). Thus, the Court finds the exercise of jurisdiction is in accord with "traditional notions of fair play and substantial justice." *See Mattel*, 354 F.3d at 863 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(2) is, therefore, **DENIED**.

### b. Failure to State a Claim

Defendant contends that the arbitration agreement prohibits Plaintiff from stating a claim upon which this Court can grant relief because the parties agreed that "all disputes, claims, questions, or differences" arising from Plaintiff's employment or separation would be resolved by binding arbitration, instead of before a state or federal court. *See* Doc. No. 4-4 at 8-10. Specifically, Defendant argues that all of Plaintiff's causes of action relate to, derive from, and arise in connection with her employment relationship with Defendant, and fall squarely within the scope of the arbitration agreement. *See* Doc. No. 4-1 at 7. In opposition, Plaintiff argues that the Complaint states a claim upon which this Court can grant relief because the arbitration agreement is unenforceable. *See* Doc. No. 5. Specifically, Plaintiff argues that the arbitration clause she agreed to is unconscionable, lacks mutuality, and, therefore, should be set aside. *See* Doc. No. 5 at 14. In reply, Defendant maintains that the arbitration agreement is enforceable, and, in the event that the Court makes a finding to the contrary, any unenforceable provision(s) of the contract is severable. *See* Doc. No. 6 at 2, 10.

Drawing all inferences in the light most favorable to Plaintiff, and for the reasons set forth below, the Court finds Defendant's argument availing. For the following reasons, the Court finds that the subject arbitration agreement is valid, that the agreement includes the dispute at issue, and the parties' agreement to arbitrate Plaintiff's dispute should be enforced.

//

### i. Arbitrability

The FAA governs the question of arbitrability. *See* 9 U.S.C. § 4. Arbitration is a matter of contract and courts cannot require a party to arbitrate unless that party has agreed to do so. *United Steelworkers of America v. Warrior & Gulf*, 363 U.S. 574, 582 (1960). The court's role is limited to determining whether a valid agreement exists and, if it does, deciding whether the agreement includes the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If the finding is affirmative on both counts, the court is required by the FAA to enforce the terms of the arbitration agreement. *Id*. Doubts as to whether the arbitration clause covers the dispute at issue should be resolved in favor of coverage. *Warrior & Gulf*, 363 U.S. at 582-83. Clauses requiring arbitration of claims "arising out of or relating to" a contract are considered broad. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 398 (1967). The preference for arbitration is particularly strong when the arbitration clause is broad. *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986).

### 1. The Subject Arbitration Agreement is Valid

"The FAA does not apply until the existence of an arbitration agreement is established under state law principles involving formation, revocation and enforcement of contracts generally." *Cione v. Fosters Equity Services, Inc.*, 58 Cal. App. 4th 625, 634 (1997). The party seeking to compel arbitration bears the burden of proving the existence of a valid arbitration agreement. *Fagelbaum & Heller LLP v. Smylie*, 174 Cal. App. 4th 1351, 1363 (2009).

Defendant contends that the subject arbitration agreement is valid and enforceable because Plaintiff knowingly and voluntarily agreed to the terms and conditions contained in the Employee Handbook, which included the arbitration agreement. *See* Doc. No. 4-1 at 1, 3. In opposition, Plaintiff argues that the agreement she signed is invalid because the arbitration clause's adhesive nature, and position within the larger Employee Handbook, constitutes unfair surprise, rising to the level of unconscionability. *See* Doc. No. 5 at 11. In reply, Defendant (1) argues that the agreement's adhesive nature does not make it

unconscionable, and therefore, invalid, [*see* doc. no. 6 at 2]; and (2) maintains that the record includes no evidence of surprise or oppression that would make the agreement procedurally unconscionable. *See* Doc. No. 6 at 3. Drawing all reasonable inferences in the light most favorable to Plaintiff, the Court finds Plaintiff's unconscionability arguments unavailing. A valid arbitration agreement exists.

It is undisputed that, on March 26, 2015, Plaintiff signed and acknowledged her receipt, understanding of, and agreement to be bound by, the Employee Handbook containing the subject arbitration agreement, and the document entitled "Dispute Resolution Policy Acknowledgement." *See* Doc. No. 4-4 at 50; Doc No. 5 at 3. Plaintiff nevertheless argues that the arbitration agreement is unenforceable because Defendant's method of obtaining her consent was procedurally unconscionable. The Court disagrees.

In California, procedural unconscionability refers to "the manner in which the contract was negotiated and the circumstance of the parties at the time." *A & M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 486 (1982). It has two components, oppression and surprise. *Kinney v. United Healthcare Services, Inc.*, 70 Cal. App 4th 1322, 1329 (1999). Oppression arises from inequality of bargaining power resulting from a lack of negotiation and the absence of meaningful choice on the part of the weaker party. *A & M*, 135 Cal. App. 3d at 486. Oppression may be established by showing that the contract was one of adhesion or that the "totality of the circumstances" surrounding the negotiation and formation of the contract were oppressive. *Poulon v. C.H. Robinson Company*, 846 F.3d 1251, 1348 (9th Cir. 2017). California courts have found that the adhesive nature of the contract may establish some degree of unconscionablity, but have not adopted a rule that an adhesion contract is *per se* unconscionable. *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 914-15 (2015).

In the employment context, if an employee is required to sign a non-negotiable agreement as a condition of employment, but "there is no other indication of oppression or surprise," then "the agreement will be enforceable unless the degree of substantive

unconscionability[1] is high." *Serpa v. Cal. Sur. Investigations, Inc.*, 215 Cal. App. 4th 695, 704 (2013).

Plaintiff filed opposition to Defendant's motion on August 15, 2016. *See* Doc. No. 5. In support, Plaintiff included a declaration supplying her recollection of the events leading up to Defendant obtaining her signed acknowledgement of the Employee Handbook, and the subject arbitration agreement. *See* Doc. No. 5-1. Plaintiff declares that her at-will employment as an Executive Assistant and Human Resources Generalist began "[i]n or around June 2011" and at the time of hiring, she was not required to sign any type of arbitration clause or similar agreement. *Id*. at 2. Plaintiff further testified that "[a]fter many years of working for AFI in California, I recall being e-mailed documents regarding an updated employee handbook for AFI's California employees[.]" *Id*. Plaintiff recalls that employees in receipt of the new Employee Handbook were "encouraged" to sign the agreement "by a certain date[.]" *Id*. The specific due date is not indicated. However, Plaintiff recalls that "there was a rush to get the handbook signed by all employees[;]" and that signing it was required by California workers, as a condition of continued employment. *Id*.

Exhibit A of Plaintiff's declaration includes a copy of the "General Handbook Acknowledgement" signed by Plaintiff on March 26, 2015. The signed acknowledgement indicates that Plaintiff "received and read a copy of AmeriFirst's Employee Handbook" and understood that her signature "indicates that I have read and understand the above

---

[1] Agreements that are substantively unconscionable must contain "terms that impair the bargaining process," terms that "contravene the public interest or public policy," terms that "alter in an impermissible manner fundamental duties otherwise imposed by the law," "fine-print terms," or "provisions that seek to negate the reasonable expectations of the nondrafting party." *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1244-45 (Cal. 2016) (quoting *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1145). The doctrine of substantive unconscionability exists to ensure that contracts do not impose terms that are "overly harsh," "unduly oppressive," "so one-sided as to shock the conscience, or "unfairly one-sided." *Id*. at 1244.

10

16cv01676-JAH (WVG)

statements and that I have received a copy of the Company's Employee Handbook." *See* Doc. No. 5-1 at 7. Notwithstanding the signed acknowledgement of her understanding, Plaintiff declares that she did not understand what she signed because Defendant failed to provide additional documentation or explanation as to various parts of the Employee Handbook. *See id*. at 2. For example, Plaintiff indicates that "at no time did anyone from AFI explain to me what arbitration was, what the 'AAA' was, what the 'AAA' rules were, or any of the terms." *Id*. Plaintiff does not allege, or otherwise indicate, that she communicated her lack of understanding with Defendant, or sought to negotiate the amended terms of her employment outlined in the Employee Handbook, or that the terms were oppressive. Instead, Plaintiff's declaration indicates that she signed and returned the acknowledgement despite her apparent unawareness of the Handbook's content and adhesive nature. *See generally* Doc. No. 5-1.

In light of the entire record, which includes no allegation that the arbitration agreement was non-negotiable, the Court finds that Plaintiff has not shown facts sufficient to support a procedural unconscionability finding. The Court additionally finds the degree of substantive unconscionability low. *Serpa v. Cal. Sur. Investigations, Inc.*, 215 Cal. App. 4th 695, 704 (2013). Indeed, looking to the language of subject documents, the Court notices no term which shocks the conscience, contravenes public policy, or otherwise impermissibly alters the fundamental duties imposed by law. *See* Doc. No. 4-4 at 1-47 (AmeriFirst California Employee Handbook; General Handbook Acknowledgement; and Dispute Resolution Policy Acknowledgement). Accordingly, the Court finds that the arbitration agreement is valid.

### 2. The Aribtration Agreement Includes the Dispute at Issue

To trigger an arbitration requirement, the movant's factual allegations need only "touch matters" covered by the contract containing the arbitration clause. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 624 (1985). Once the arbitration clause is triggered, the court must allow arbitration "even where the result would

be the possibility of inefficient maintenance of separate proceedings in different forums." *Dean Witter Reynolds, Inc. v. Boyd*, 470 U.S. 213, 217 (1985).

Here, Defendant's factual allegations, as well as Plaintiff's Complaint, leaves little doubt that the matter before the Court "touch[es] matters" covered by the arbitration agreement. *See* Doc. Nos. 4, 5. Indeed, Plaintiff brings various claims alleging, *inter alia*, wage & hour violations arising from her employment as an Executive Assistant and Human Resources Generalist, and Defendant alleges those claims fall squarely within the scope of the arbitration agreement. *See generally* Doc. No. 1; *see also* Doc. No. 1-3 at 3; *Cf* Doc. No. 4-4 at 9 (indicating that the arbitration agreement includes, "without limitation, claims for . . . wages, overtime, benefits, or other compensation[.]"). The Court finds that the arbitration agreement includes the dispute at issue.

### ii. Transfer

In the arbitration agreement, the parties agreed upon venue in Maricopa County, Arizona. In this Court's view, Section 4 of the FAA does not permit this Court to compel arbitration outside of the Southern District of California. *See Continental Grain Co. v. Dant & Russell*, 11 F.2d 967, 969 (9th Cir. 1941) (holding that a district court may compel arbitration only "within the district in which the petition for an order directing such arbitration is filed."). Instead, the appropriate remedy is to transfer this case to the District of Arizona. *See* 28 U.S.C § 1404(a) (authorizing a district court to transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.).

## CONCLUSION AND ORDER

For the foregoing reasons, the Court (1) **DENIES** Defendant's motion to dismiss for lack of personal jurisdiction; (2) **GRANTS** Defendant's motion to transfer venue; and (3) **DENIES AS MOOT** Defendant's motion to dismiss for failure to state a claim.

The Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the District of Arizona for all further proceedings.

//

12

16cv01676-JAH (WVG)

**IT IS SO ORDERED**.

DATED: September 25, 2017

JOHN A. HOUSTON
United States District Judge